IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GAINESVILLE COINS, INC.,
a Florida corporation,

               Plaintiff,             CASE NO.:

v.

OVERSEE DOMAIN
MANAGEMENT, LLC, a Delaware
limited liability company, and JOHN
DOES 1-15,

               Defendants.

_____/

## **VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

Plaintiff GAINESVILLE COINS, INC. ("Gainesville Coins" or "Plaintiff"), a Florida corporation, hereby sues Defendants, Oversee Domain Management, LLC ("ODM"), a Delaware limited liability company, and JOHN DOES 1-15 ("John Does") (ODM and John Does are collectively referred to hereinafter as "Defendants"), and alleges:

### INTRODUCTION

1.     Gainesville Coins is one of the nation's largest and most trusted precious metal dealers. ODM and John Does are typosquatters that, with a bad faith intent to profit from Gainesville Coin's GAINESVILLE COINS mark, are using numerous domain names consisting of misspelled or confusingly similar variations of the GAINESVILLE COINS mark – including gainsevillecoins.com, gainsvillcoins.com, gainesvillcoins.com – to divert consumers to their websites for commercial gain, by creating a likelihood of confusion as to the source, sponsorship, affiliation or endorsement of the websites.

2.    Accordingly, Gainesville Coins files this lawsuit for cybersquatting under 15 U.S.C. § 1125(d)(1) and violation of Florida's Deceptive and Unfair Trade Practices Act, § 501.201, *et seq.*, Florida Statues, to vindicate and protect its rights in its GAINESVILLE COINS service mark against Defendants' blatant, willful, and deliberate attempts to free ride and profit upon the mark and to manipulate the domain name registration and enforcement system.

## PARTIES

3.    Gainesville Coins is a Florida corporation with its principal place of business located at 17860 US Hwy 41, Lutz, Florida 33549.

4.    ODM, upon information and belief, is a Delaware limited liability company with its principal place of business at 515 S Flower Street, Suite 4400, Los Angeles, CA 90071.

5.    John Does represent the registrants of the variation domain names gainsvillcoins.com and gainsevillecoins.com who have intentionally hid their identity with the assistance of their registrar, Moniker Online Services, Inc., which enables its customers to conceal all data about the ownership of a particular domain through its "Moniker Privacy Services."

## JURISDICTION AND VENUE

6.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

7.    This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form the same case or controversy and derive from a common nucleus of operative facts.

8.     This Court has personal jurisdiction over Defendants because Defendants conduct substantial business within this district, have engaged in tortious acts or omissions within this District causing injury, have engaged in tortious acts or omission outside this District causing injury within this District, and/or have engaged in conduct related to the unlawful activities at issue in this action causing injury and harm in this District, and have otherwise made or established contacts within this District sufficient to permit the exercise of personal jurisdiction.

9.     Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(1).

## GENERAL ALLEGATIONS

10.    Gainesville Coins was formed in 2006 and quickly became one of the nation's largest and most trusted precious metal dealers.

11.    Gainesville Coins registered with the United States Patent and Trademark Office the GAINESVILLE COINS service mark, which was used at least as early as July 2007 (the "Mark").  A copy of the registration certificate is attached hereto as **Exhibit A.**

12.    Gainesville Coins owns all right, title and interest in and to the Mark.  The Mark is distinctive and serves to uniquely identify Gainesville Coins and its good and services to the consuming public.  Gainesville Coins has invested a substantial amount of time, money and other resources promoting its Mark to advertise and identify its products and services and has established tremendous goodwill in the Mark.  As a result, the Mark is well-known among the relevant consuming public to identify the services of Gainesville

Coins and representing the high quality and level of consistency that customers of Gainesville Coins expect to receive.

13. Gainesville Coins owns and maintains an Internet website located at www.gainesvillecoins.com, which is a lynchpin of its direct marketing and sales operations. Gainesville Coins registered its website on February 1, 2006. A copy of portions of Gainesville Coin's gainesvillecoins.com website along with a copy of the domain name search results are attached hereto as **Composite Exhibit B**.

14. Upon information and belief, ODM is a subsidiary of Oversee.net, a California corporation. Upon information and belief, ODM utilizes technology created by its affiliate, DomainSponsor, to determine which domain names to acquire. A copy of Oversee.net's "Domain Services" webpage is attached hereto as **Exhibit C**. Upon information and belief, Oversee.net then monetizes ODM's domain names by marketing them to advertisers, who pay to place an advertisement on the website. A copy of Oversee.net's company overview available on their website is attached hereto as **Exhibit D**. Although Oversee.net and its affiliates proclaim to respect third party trademark rights, they intentionally seek to profit from the name recognition of successful companies.

15. As a result of Oversee.net's and its affiliates' business model, other victims have sought relief against them. *See e.g. Transamerica Corporation v. Moniker Online Services, LLC, et al.*, Case No. 0:09-cv-60973, United States District Court for the Southern District of Florida; *Birger Christensen A/S v. Oversee Domain Management, LLC*, Case No. D2011-0814, World Intellectual Property Organization Arbitration and Mediation Center; *BHP Billiton Innovation Pty Ltd. v. OS Domain Holdings IV LLC*, Case No. D2008-0488,

4

World Intellectual Property Organization Arbitration and Mediation Center; *Mead Johnson & Company, LLC v. Admin-Oversee Domain Management, LLC*, Claim Number: FA1111001417919, National Arbitration Forum.

16.    ODM registered the domain name gainesvillcoins.com, which consists of a close misspelling of or other confusingly similar variation of the Mark.  Upon information and belief, on February 23, 2011, ODM registered gainesvillcoins.com with its affiliate, NameKing.com Inc. ("NameKing"), a California corporation that is an ICANN-accredited registrar.  A copy of the domain name search results is attached hereto as **Exhibit E**.

17.    Similarly, John Does registered the following domain names, which consist of a close misspelling of or other confusingly similar variation of the GAINESVILLE COINS mark: gainsvillcoins.com and gainsevillecoins.com.  Upon information and belief, John Does registered these websites on January 1, 2011 and January 8, 2009, respectively.  Copies of the domain name search results are attached hereto as **Composite Exhibit F**.

18.    The following domain names are collectively referred to hereinafter as the "Infringing    Domain    Names:"    gainesvillcoins.com    gainsvillcoins.com    and gainsevillecoins.com.

19.    Persons inadvertently misspelling the word "Gainesville" and typing the gainsvillcoins.com, gainsevillecoins.com, or gainesvillcoins.com domain names are directed to Defendants' websites.  Defendants' websites do not contain any substantive content and are used exclusively to display advertisements, most if not all of which offer goods or services that are identical, directly competitive or closely related to those sold or provided by

Gainesville Coins.   Copies of a portion of Defendants' websites gainsvillcoins.com, gainsevillecoins.com, and gainesvillcoins.com are attached hereto as **Composite Exhibit G.**

20.     Within the last month, Gainesville Coins discovered the websites located at the Infringing Domain Names.

21.     When a person looking for the Gainesville Coins website lands on one of Defendants' websites, the person has been diverted from the Gainesville Coins website he or she was seeking to visit, and Gainesville Coins may have lost the opportunity to interact with that person.   Furthermore, that person may click on one of the links on one of the Defendants' sites mistakenly believing that Gainesville Coins has authorized or endorsed the site and/or the products for sale on those sites.

22.     Defendants use the Infringing Domain Names to improperly profit from the Mark and the goodwill associated with the Mark.   Defendants or its agents or affiliates receive a payment each time that an Internet user is diverted to one of Defendants' pay-per-click websites and clicks on one or more of the many advertisements on their websites.

## COUNT I - TRADEMARK CYBERSQUATTING
## IN VIOLATION OF 15 U.S.C. SECTION § 1125(d)(1) AGAINST ODM

23.     Gainesville Coins incorporates and realleges the allegations set forth in Paragraphs 1 through 22 above as if fully set forth herein.

24.     ODM has registered, trafficked in or used the domain name gainesvillcoins.com, which is identical or confusingly similar to, or dilutive of, Gainesville Coins' distinctive Mark.

25.     ODM has registered and is or was using the Gainesville Coins variation domain name with a bad faith intent to profit from the Mark, as evidenced by the following:

6

a. ODM has no trademark or other intellectual property rights for the Mark, or for any mark including the term "Gainesville Coins" or consisting of misspelled or confusingly similar variations of "Gainesville Coins;"

b. ODM is not using, nor has it ever used, the "Gainesville Coins" name or domain names, or any misspelled or confusingly similar variation thereof, in connection with a bona fide offering of any goods or services, nor has ODM made non-commercial or fair use of the Mark, or any misspelled or confusingly similar variation thereof, in sites accessible at the domain name;

c. Instead, ODM has been and is using the Gainesville Coins variation domain name to divert users searching the Internet for Gainesville Coins' registered service mark and GAINESVILLE COINS branded services to ODM's pay-per-click advertising website, which contains hyperlinks to Gainesville Coins' competitors' websites.

d. By using the Gainesville Coins variation domain name, ODM has intentionally attempted to attract for commercial gain Internet users to its website by creating a likelihood of confusion with the Mark and Gainesville Coins' "gainesvillecoins.com" website as to the source, sponsorship, affiliation, or endorsement of ODM's website appearing at the Gainesville Coins variation domain name. In short, ODM has sought to unjustly enrich itself by misappropriating Gainesville Coins' goodwill

7

and creating a likelihood of confusion with Gainesville Coins' Mark, at the expense of Gainesville Coins;

e.  ODM has registered multiple domain names which ODM knows are identical or confusingly similar to marks of others that are distinctive at the time of registration of such domain names, or dilutive of famous marks of others that are famous at the time of registration of such domain names, without regard to the goods or services of the parties; and

f.  By registering the Gainesville Coins variation domain name, ODM has been diverting consumers away from Gainesville Coins' website and has been making it more difficult for Gainesville Coins' customers and the general public to locate Gainesville Coins' legitimate website, thereby disrupting Gainesville Coins' business;

26.  ODM's registration and use of the Gainesville Coins variation domain name amounts to cybersquatting in violation of 15 U.S.C. § 1125(d)(1).

27.  ODM's cybersquatting has been and is causing Gainesville Coins irreparable harm for which there exists no adequate remedy at law, entitling Gainesville Coins to injunctive relief pursuant to 15 U.S.C. § 1116.

28.  By reason of ODM's acts alleged herein, Gainesville Coins is entitled to recover ODM's profits from the registration and use of the variant domain name, actual damages and costs of the action, or statutory damages under 15 U.S.C. § 1117.

29.     Gainesville Coins has retained the undersigned counsel, and, because this is an exceptional case, Gainesville Coins is entitled to recover its reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117.

Wherefore, Plaintiff Gainesville Coins respectfully requests this Court to: (1) enter an order requiring ODM's domain name registrars to transfer to Gainesville Coins all domain names registered by ODM that incorporate or are confusingly similar to the GAINESVILLE COINS mark; (2) enter a temporary restraining order and preliminary and permanent injunction, prohibiting ODM and its respective officers, directors, agents, employees, representatives, licensees, and all persons acting for, with, by, through and under any of them from: (i) using, canceling or transferring to any person or entity other than to Gainesville Coins, any of the Gainesville Coins variation domain names; and (ii) registering, using or trafficking in any domain name that incorporates or is confusingly similar to the GAINESVILLE COINS mark; (3) permanently enjoin ODM and its respective officers, directors, agents, employees, attorneys, representative, licensees, and all persons acting for, with, by, through and under any of them, from: (i) selling, offering for sale, distributing, or advertising any goods or services through use of the "GAINESVILLE COINS" mark, or of any mark or marks confusingly similar to the GAINESVILLE COINS mark; (ii) using the GAINESVILLE COINS mark, or any other mark or marks identical or confusingly similar to the GAINESVILLE COINS mark in any manner that is likely to cause confusion, to cause mistake or to deceive the public; and (iii) committing any acts calculated to cause confusion, or which result in a likelihood that purchasers and/or members of the public will be confused, that ODM's services originate with Gainesville Coins or that ODM is sponsored by or

affiliated with or associated with Gainesville Coins; (4) enter a judgment in favor of Gainesville Coins for its costs, actual damages and/or a disgorgement of ODM's profits pursuant to 15 U.S.C. § 1117(a), or alternatively, at Gainesville Coins' election, an award of statutory damages of up to $100,000 per affected domain name pursuant to 15 U.S.C. § 1117(d); (5) award Gainesville Coins from ODM its reasonable attorneys' fees and costs due to the exceptional nature of this case, pursuant to 15 U.S.C. § 1117; and (6) grant such other and further relief as this Court deems just and proper.

## COUNT II - TRADEMARK CYBERSQUATTING
## IN VIOLATION OF 15 U.S.C. SECTION § 1125(d)(1) AGAINST JOHN DOES

30.     Gainesville Coins incorporates and realleges the allegations set forth in Paragraphs 1 through 22 above as if fully set forth herein.

31.     John Does have registered, trafficked in or used the domain names gainsvillcoins.com and gainsevillecoins.com, which are identical or confusingly similar to, or dilutive of, Gainesville Coins' distinctive Mark.

32.     John Does have registered and are or were using the Gainesville Coins variation domain names with a bad faith intent to profit from the Mark, as evidenced by the following:

          a.   John Does have no trademark or other intellectual property rights for the
               Mark, or for any mark including the term "Gainesville Coins" or
               consisting of misspelled or confusingly similar variations of "Gainesville
               Coins;"

          b.   John Does are not using, nor have they ever used, the "Gainesville Coins"
               name or domain names, or any misspelled or confusingly similar variation

10

thereof, in connection with a bona fide offering of any goods or services, nor have John Does made non-commercial or fair use of the Mark, or any misspelled or confusingly similar variation thereof, in sites accessible at the domain names;

c. Instead, John Does have been and are using the Gainesville Coins variation domain names to divert users searching the Internet for Gainesville Coins' registered service mark and GAINESVILLE COINS branded services to John Does' pay-per-click advertising websites, which contain hyperlinks to Gainesville Coins' competitors' websites;

d. By using the Gainesville Coins variation domain names, John Does have intentionally attempted to attract for commercial gain Internet users to their websites by creating a likelihood of confusion with the Mark and Gainesville Coins' "gainesvillecoins.com" website as to the source, sponsorship, affiliation, or endorsement of John Does' websites appearing at the Gainesville Coins variation domain names. In short, John Does have sought to unjustly enrich themselves by misappropriating Gainesville Coins' goodwill and creating a likelihood of confusion with Gainesville Coins' Mark, at the expense of Gainesville Coins; and

e. By registering the Gainesville Coins variation domain names, John Does have been diverting consumers away from Gainesville Coins' website and have been making it more difficult for Gainesville Coins' customers and

the general public to locate Gainesville Coins' legitimate website, thereby disrupting Gainesville Coins' business;

33.     John Does' registration and use of the Gainesville Coins variation domain names amount to cybersquatting in violation of 15 U.S.C. § 1125(d)(1).

34.     John Does' cybersquatting has been and is causing Gainesville Coins irreparable harm for which there exists no adequate remedy at law, entitling Gainesville Coins to injunctive relief pursuant to 15 U.S.C. § 1116.

35.     By reason of John Does' acts alleged herein, Gainesville Coins is entitled to recover John Does' profits from the registration and use of the variant domain names, actual damages and costs of the action, or statutory damages under 15 U.S.C. § 1117.

36.     Gainesville Coins has retained the undersigned counsel, and, because this is an exceptional case, Gainesville Coins is entitled to recover its reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117.

Wherefore, Plaintiff Gainesville Coins respectfully requests this Court to: (1) enter an order requiring John Does' domain name registrars to transfer to Gainesville Coins all domain names registered by John Does that incorporate or are confusingly similar to the GAINESVILLE COINS mark; (2) enter a temporary restraining order and preliminary and permanent injunction, prohibiting John Does and their respective officers, directors, agents, employees, representatives, licensees, and all persons acting for, with, by, through and under any of them from: (i) using, canceling or transferring to any person or entity other than to Gainesville Coins, any of the Gainesville Coins variation domain names; and (ii) registering, using or trafficking in any domain name that incorporates or is confusingly similar to the

GAINESVILLE COINS mark; (3) permanently enjoin John Does and their respective officers, directors, agents, employees, attorneys, representative, licensees, and all persons acting for, with, by, through and under any of them, from: (i) selling, offering for sale, distributing, or advertising any goods or services through use of the "GAINESVILLE COINS" mark, or of any mark or marks confusingly similar to the GAINESVILLE COINS mark; (ii) using the GAINESVILLE COINS mark, or any other mark or marks identical or confusingly similar to the GAINESVILLE COINS mark in any manner that is likely to cause confusion, to cause mistake or to deceive the public; and (iii) committing any acts calculated to cause confusion, or which result in a likelihood that purchasers and/or members of the public will be confused, that John Does' services originate with Gainesville Coins or that John Does are sponsored by or affiliated with or associated with Gainesville Coins; (4) enter a judgment in favor of Gainesville Coins for its costs, actual damages and/or a disgorgement of John Does' profits pursuant to 15 U.S.C. § 1117(a), or alternatively, at Gainesville Coins' election, an award of statutory damages of up to $100,000 per affected domain name pursuant to 15 U.S.C. § 1117(d); (5) award Gainesville Coins from John Does its reasonable attorneys' fees and costs due to the exceptional nature of this case, pursuant to 15 U.S.C. § 1117; and (6) grant such other and further relief as this Court deems just and proper.

## COUNT III - VIOLATION OF THE FLORIDA DECEPTIVE
## AND UNFAIR TRADE PRACTICES ACT AGAINST ODM

37. Gainesville Coins incorporates and realleges the allegations set forth in Paragraphs 1 through 22 above as if fully set forth herein.

38. This is a cause of action against ODM for violations of the Florida Deceptive and Unfair Trade Practices Act, § 501.201, *et seq.*, Fla. Stat.

13

39. ODM has knowingly and intentionally committed unfair and/or deceptive acts in connection with its registration and use of the domain name gainesvillcoins.com.

40. As a direct and proximate result of ODM's conduct, Gainesville Coins has been damaged and will continue to suffer damages if not awarded injunctive relief.

41. Gainesville Coins' injuries are not fully compensable by monetary damages and, thus, also warrant injunctive relief.

42. Gainesville Coins has retained the undersigned counsel and is entitled to its reasonable attorneys' fees and costs pursuant to § 501.2105, Fla. Stat.

Wherefore, Plaintiff Gainesville Coins respectfully requests this Court to: (1) enter an order requiring ODM's domain name registrars to transfer to Gainesville Coins all domain names registered by ODM that incorporate or are confusingly similar to the GAINESVILLE COINS mark; (2) enter a temporary restraining order and preliminary and permanent injunction, prohibiting ODM and its respective officers, directors, agents, employees, representatives, licensees, and all persons acting for, with, by, through and under any of them from: (i) using, canceling or transferring to any person or entity other than to Gainesville Coins, any of the Gainesville Coins variation domain names; and (ii) registering, using or trafficking in any domain name that incorporates or is confusingly similar to the GAINESVILLE COINS mark; (3) permanently enjoin ODM and its respective officers, directors, agents, employees, attorneys, representative, licensees, and all persons acting for, with, by, through and under any of them, from: (i) selling, offering for sale, distributing, or advertising any goods or services through use of the "GAINESVILLE COINS" mark, or of any mark or marks confusingly similar to the GAINESVILLE COINS mark; (ii) using the

14

GAINESVILLE COINS mark, or any other mark or marks identical or confusingly similar to the GAINESVILLE COINS mark in any manner that is likely to cause confusion, to cause mistake or to deceive the public; and (iii) committing any acts calculated to cause confusion, or which result in a likelihood that purchasers and/or members of the public will be confused, that ODM's services originate with Gainesville Coins or that ODM is sponsored by or affiliated with or associated with Gainesville Coins; (4) enter a judgment in favor of Gainesville Coins and against ODM, together with all damages, attorneys' fees, costs, and prejudgment interest; and (5) grant such other and further relief as this Court deems just and proper.

## COUNT IV - VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT AGAINST JOHN DOES

43.     Gainesville Coins incorporates and realleges the allegations set forth in Paragraphs 1 through 22 above as if fully set forth herein.

44.     This is a cause of action against John Does for violations of the Florida Deceptive and Unfair Trade Practices Act, § 501.201, *et seq.*, Fla. Stat.

45.     John Does have knowingly and intentionally committed unfair and/or deceptive acts in connection with their registration and use of the variant domain names gainsvillcoins.com and gainsevillecoins.com.

46.     As a direct and proximate result of John Does' conduct, Gainesville Coins has been damaged and will continue to suffer damages if not awarded injunctive relief.

47.     Gainesville Coins' injuries are not fully compensable by monetary damages and thus, also warrant injunctive relief.

15

48.     Gainesville Coins has retained the undersigned counsel and is entitled to its reasonable attorneys' fees and costs pursuant to § 501.2105, Fla. Stat.

Wherefore, Plaintiff Gainesville Coins respectfully requests this Court to: (1) enter an order requiring John Does' domain name registrars to transfer to Gainesville Coins all domain names registered by John Does that incorporate or are confusingly similar to the GAINESVILLE COINS mark; (2) enter a temporary restraining order and preliminary and permanent injunction, prohibiting John Does and their respective officers, directors, agents, employees, representatives, licensees, and all persons acting for, with, by, through and under any of them from: (i) using, canceling or transferring to any person or entity other than to Gainesville Coins, any of the Gainesville Coins variation domain names; and (ii) registering, using or trafficking in any domain name that incorporates or is confusingly similar to the GAINESVILLE COINS mark; (3) permanently enjoin John Does and their respective officers, directors, agents, employees, attorneys, representative, licensees, and all persons acting for, with, by, through and under any of them, from: (i) selling, offering for sale, distributing, or advertising any goods or services through use of the "GAINESVILLE COINS" mark, or of any mark or marks confusingly similar to the GAINESVILLE COINS mark; (ii) using the GAINESVILLE COINS mark, or any other mark or marks identical or confusingly similar to the GAINESVILLE COINS mark in any manner that is likely to cause confusion, to cause mistake or to deceive the public; and (iii) committing any acts calculated to cause confusion, or which result in a likelihood that purchasers and/or members of the public will be confused, that John Does' services originate with Gainesville Coins or that John Does are sponsored by or affiliated with or associated with Gainesville Coins; (4) enter

a judgment in favor of Gainesville Coins and against John Does, together with all damages, attorneys' fees, costs, and prejudgment interest; and (5) grant such other and further relief as this Court deems just and proper.

Dated November 16, 2012.

CHARLES M. HARRIS, JR. - Trial Counsel
Florida Bar No. 967459
cmh@trenam.com
KELLY J. RUOFF
Florida Bar No. 084632
kr@trenam.com
TRENAM, KEMKER, SCHARF, BARKIN,
 FRYE, O'NEILL & MULLIS, P.A.
Post Office Box 3542
St. Petersburg, FL 33731-3542
T (727)896-7171; F (727)820-0835
Counsel for Plaintiff

## VERIFICATION

I understand that I am swearing or affirming under oath to the truthfulness of the above facts set forth in this Verified Complaint for Injunctive Relief and Damages and that the punishment for knowingly making a false statement includes fines and/or imprisonment.

_11/16/12_
Date

_____
on behalf of Gainesville Coins, Inc.

Print Name: _Michael Yaffe_

Title: _President_

STATE OF FLORIDA

COUNTY OF _Hillsborough_

Before me, personally appeared _Michael Yaffe_ who produced _license_ as identification, and who, after being duly sworn, affirmed that the facts contained herein are true and correct to the best of his knowledge and belief.

SWORN TO AND SUBSCRIBED TO ME on this _16_ day of November, 2012.

NANCY CORRAO
MY COMMISSION # DD976706
EXPIRES March 30, 2014
(407) 398-0153   FloridaNotaryService.com

_Nancy Corrao_
Notary Public

23