IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GAINESVILLE COINS, INC.,
a Florida corporation,

        Plaintiff,        CASE NO.:  8:12-cv-02607-SDM-TGW

v.

OVERSEE DOMAIN
MANAGEMENT, LLC, a Delaware
limited liability company, and JOHN
DOES 1-15,

        Defendants.
_____/

**PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT LIMITED JURISDICTIONAL DISCOVERY AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff Gainesville Coins, Inc. ("Gainesville Coins"), pursuant to Local Rule 3.01 of the Federal Rules of Civil Procedure, hereby moves this Court, in response to Defendant Oversee Domain Management, LLC's ("ODM") Motion to Dismiss for lack of personal jurisdiction (the "Motion to Dismiss") (Dkt. 23), for an order permitting it to conduct limited discovery on the issue of personal jurisdiction as set forth in Exhibits A-C attached hereto. In support thereof, Gainesville Coins states:

**MEMORANDUM OF LAW**

**I.    BACKGROUND**

On November 16, 2012, Gainesville Coins filed a Complaint against Oversee Domain Management, LLC ("ODM") and John Does 1-15 (collectively, "Defendants") for, *inter alia*, cybersquatting. (Dkt. 1).  On December 21, 2012, ODM filed its Motion to Dismiss. (Dkt. 23).

In the Complaint, Gainesville Coins alleges that Defendants, with the bad faith intent to profit from Gainesville Coins' GAINESVILLE COINS mark (the "Mark"), purchased and use(d) domain names that are confusingly similar to the Mark to divert consumers to their websites for commercial gain (the "Infringing Domain Names"). (Dkt. 1 ¶ 1). As a result of Defendants' intentionally tortious activity expressly aimed at the State of Florida, Gainesville Coins alleges in the Complaint, and will further demonstrate to this Court in its Response in Opposition to ODM's Motion to Dismiss, that this Court has personal jurisdiction over Defendants. (*Id.* at ¶ 8). Alternatively, Gainesville Coins alleges that Defendants have sufficient contact with the State of Florida to permit this Court to exercise personal jurisdiction over them. (*Id.*). In support of its argument that this Court may exercise personal jurisdiction over ODM due to its contacts with the State of Florida, Gainesville Coins respectfully requests this Court for leave to conduct limited jurisdictional discovery.

## II. GAINESVILLE COINS IS ENTITLED TO CONDUCT JURISDICTIONAL DISCOVERY IN RESPONSE TO ODM'S MOTION TO DISMISS.

A plaintiff has a qualified right to conduct jurisdictional discovery. *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 n.7 (11th Cir. 1999) (citing *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729, 729 n.7 (11th Cir. 1982) and *Gleneagle Ship Mgmt. Co. v. Leondakos*, 602 So. 2d 1282, 1284 (Fla. 1992)). Otherwise, a defendant can withhold facts that support a finding of personal jurisdiction.

In its Motion to Dismiss, ODM argues that this Court does not have personal jurisdiction over it because ODM's website, which can be viewed by Florida residents, is passive. (Dkt. 23 pp. 2-4 (citing *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997)). Although ODM represents to this Court that it does not sell products in

Florida or actively solicit customers in Florida (*Id.* at p. 2), ODM does not explain how its website is marketed to potential advertisers and who contracts with persons who advertise on its website. (*See* Dkt. 1 Ex. E, which is a snapshot of ODM's website).  ODM does state that it engages a third party to create the web pages that appear at the Infringing Domain Names. (*See* Dkt. 23 p. 4).  Indeed, Gainesville Coins alleges that ODM engages the services of Oversee.net, ODM's parent company, to monetize the Infringing Domain Names. (*See* Dkt. 1 Ex. D & Dkt. 25).  However, it is unclear of the relationship between ODM and the advertisers on the website.

In fact, the Affidavit of Todd H. Greene filed in support of ODM's Motion to Dismiss is conspicuously silent as to the location of and with whom it contracts.  Gainesville Coins believes that ODM or its agent contracts with Gainesville Coins' competitors, some of whom are Florida residents.  A snapshot of the website from just one day since ODM has owned the website reveals that there is an advertiser, True Metals Group, LLC, whose website is www.Silver50.com, on the website who is a Florida resident. (Dkt. 1 Ex. G).  Gainesville Coins' competitors, including Florida residents, advertise on the website and divert business away from Gainesville Coins to the competition by using and infringing on Gainesville Coins' Mark.  Gainesville Coins believes that ODM is compensated by the persons, including Florida residents, who advertise on the website. (*See* Dkt. 1 ¶ 25).  Therefore, ODM's website is not merely passive because ODM financially benefits from the operation of its website. *See Zippo*, 952 F. Supp. at 1124 (setting forth a sliding scale test to determine whether a court has personal jurisdiction over a defendant based on the level of commercial activity a defendant conducts over the Internet); *see also Full Sail, Inc. v. Spevack*, 2003 WL

25277185, *4 (M.D. Fla. Oct. 21, 2003) (finding defendant's website, which allows third parties to posts comments about schools, passive, in part because defendants did not enjoy any revenue or financial benefit as a result of the content on the website). Jurisdictional discovery will reveal the monetary benefit that ODM receives as a result of Florida residents visiting the website and from Florida residents that advertise on the website.

Moreover, this Court's inquiry into whether it has personal jurisdiction over ODM as a result of its contacts with the forum should not, as ODM also argues to this Court in its Motion to Dismiss, focus solely on the functionality of ODM's website. (Dkt. 23 pp. 11-15). Rather, "[r]egardless of the presence of a website, this Court must evaluate the defendant's actions in relation to the forum state." *Verizon Trademark Services, LLC v. Producers, Inc.*, 810 F. Supp. 2d 1321, 1333 (M.D. Fla. 2011). Jurisdictional discovery will also reveal how the website is marketed to potential advertisers in Florida and how any Florida advertisers contract to place advertisements on the website and ODM's involvement with these actions. *See Nida Corp. v. Nida*, 118 F. Supp. 2d 1223, 1227, 1229 (M.D. Fla. 2000) (a corporation may be subject to jurisdiction when it transacts business through its agents in the forum state).

Accordingly, Gainesville Coins requests this Court for leave to conduct jurisdictional discovery in the following forms: (1) a Set of Interrogatories, which is attached hereto as **Exhibit A**; (2) a Request for Production, which is attached hereto as **Exhibit B**; (3) the deposition of a corporate representative into the areas of inquiry designated in the Notice of Rule 30(b)(6) Deposition, which is attached hereto as **Exhibit C**; and (4) the deposition of

Todd H. Greene, who executed an affidavit in support of ODM's Motion to Dismiss, which notice is attached hereto as **Exhibit D**.

## IV.   CONCLUSION

For the foregoing reasons, Gainesville Coins respectfully requests this Court for leave to conduct jurisdictional discovery as set forth in Exhibits A-D attached hereto.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Undersigned counsel hereby certifies that, pursuant to M.D. Fla. Local Rule 3.01(g), we attempted in good faith to resolve the issues set forth in this motion with William Delgado, Esquire, counsel for ODM, but have been unable to do so.

*/s/ Charles M. Harris, Jr.*
CHARLES M. HARRIS, JR., FBN: 967459
cmh@trenam.com
KELLY J. RUOFF, FBN: 084632
kr@trenam.com
**TRENAM, KEMKER, SCHARF, BARKIN,
  FRYE, O'NEILL & MULLIS, P.A.**
Post Office Box 3542
St. Petersburg, FL 33731-3542
T (727)896-7171; F (727)820-0835
Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on January 7, 2013, I electronically filed the forgoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:

John F. Lauro, Esq.
Michael G. Califano, Esq.
Lauro Law Firm
101 East Kennedy Boulevard, Suite 3100
Tampa, Florida 33602
813-222-8990
813-222-8991
jlauro@laurolawfirm.com
mcalifano@laurolawfirm.com

William A. Delgado, Esq.
Willenken Wilson Loh & Delgado LLP
707 Wilshire Boulevard, Suite 3850
Los Angeles, California 90017
213-955-9240
213-955-9250
wdelgado@willenken.com

*/s/ Charles M. Harris, Jr.*
ATTORNEY