UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GAINESVILLE COINS, INC.,

    Plaintiff,

v.                                                      CASE NO.: 8:12-cv-2607-T-23TGW

OVERSEE DOMAIN
MANAGEMENT, LLC, and JOHN
DOES 1-15,

    Defendants.
_____/

## **ORDER**

      A Florida corporation with a principal place of business in Florida, Gainesville Coins, Inc., owns the mark "Gainesville Coins" and uses the website "gainesvillecoins.com" to market "precious metals" to numismatists and others. The defendant Oversee Domain Management, LLC, (ODM) owns and operates the domain name "gainesvillcoins.com." Gainesville Coins alleges a violation of a provision of the Anticybersquatting Consumer Protection Act (the "ACPA"), 15 U.S.C. § 1125(d)(1), and a violation of a provision of Florida's Deceptive and Unfair Trade Practices Act, Section 501.204, Florida Statutes. A Delaware corporation with a principal place of business in California, ODM moves (Doc. 23) to dismiss for lack of personal jurisdiction.

ODM is a "domain name holding company" that uses an "automated registration process" to match frequently searched words or phrases with unregistered domain names. ODM purchases the domain names and contracts with a third party, which creates a web page at the recently acquired web address. The web page, dubbed a "landing page" and described by ODM as part of a "passive" website, contains keywords and hyperlinks to other websites that might interest a web page visitor.

For example, if internet users often searched for "zip code info" in a search engine, ODM will register "zipcodeinfo.com," if available. The landing page, zipcodeinfo.com, will either contain (1) hyperlinks of keywords or phrases, such as "Zip Code Lookup" or "Zip Code Map," which will direct the user to a similar web page within the "zipcodeinfo" website, or (2) hyperlinks to specific third-party websites, such as "whitepages.ca." A visitor to an ODM website can neither "commercially interact" on the website nor provide personal information nor order a good or a service. An ODM website is "pass-through" only.

ODM sells no product in Florida; conducts no business in Florida; maintains no office, employee, registered agent, or bank account in Florida; and holds no Florida business license. "Mere website publication," ODM contends, "is insufficient to confer jurisdiction in Florida. Thus, the motion argues that ODM lacks "sufficient minimum contacts" with Florida to satisfy the Due Process Clause.

As Gainesville Coins argues, *Licciardello v. Lovelady*, 544 F.3d 1280, 1288 n.8 (11th Cir. 2008), holds that, if "the internet is used as a vehicle for the deliberate, intentional misappropriation of a specific individual's trademarked name or likeness and that use is aimed at the victim's state of residence, the victim may hale the infringer into that state to obtain redress for the injury."  In *Licciardello*, a Tennessee defendant allegedly used the Florida plaintiff's picture and trademarked name on a website accessible in Florida.  *Licciardello* reasons:

> The use was not negligent, but intentional.  The purpose was to make money from [the plaintiff's] implied endorsement.  The unauthorized use of [the plaintiff's] mark, therefore, individually targeted [the plaintiff's] in order to misappropriate his name and reputation for commercial gain.  These allegations satisfy the *Calder* effects test for personal jurisdiction – the commission of an intentional tort, expressly aimed at a specific individual in the forum whose effects were suffered in the forum.  The Constitution is not offended by the exercise of Florida's long-arm statute to effect personal jurisdiction over [the plaintiff] because his intentional conduct in his state of residence was calculated to cause injury to [the plaintiff] in Florida.  Lovelady cannot now claim surprise at being haled into court here.

544 F.3d at 1287-88.  *See Calder v. Jones*, 465 U.S. 783 (1984); *Weather Underground v. Navigation Catalyst Sys.*, 688 F. Supp. 2d 693 (E.D. Mich. 2009) (finding personal jurisdiction in a "typosquatting" action because the non-resident defendant used an "automated registration" and "purposefully target[ed]" the Michigan plaintiff by misappropriating the plaintiff's mark).[*]

---

[*] In a motion for leave to reply, ODM argues that Gainesville Coins "cites to various cases within the Eleventh Circuit and outside the circuit" that "would essentially reduce the '*Calder* effects' test to a single inquiry:  where does the Plaintiff live?"  ODM exaggerates, but not egregiously.  *See*
(continued...)

The motion (Doc. 23) is **DENIED**. The parties must submit the case management report by **JULY 19, 2013**.

ORDERED in Tampa, Florida, on June 28, 2013.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[*] (...continued)
*Brennan v. Roman Catholic Diocese of Syracuse*, 322 F. App'x 852 (11th Cir. 2009), *reversing*, 575 F. Supp. 2d 1256 (M.D. Fla. 2008), in which this district judge agreed almost entirely with the arguments advanced by ODM in this action but suffered reversal based on *Licciardello*, which was not decided until after the district judge ruled in *Brennan*. The Roman Catholic Diocese of Syracuse utterly lacked purposeful contact with Florida, but a former parishioner chose to move to Florida and to sue the Diocese in Florida based on a claim arising indirectly from alleged sexual abuse by a priest in Syracuse four decades earlier.